IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ADELINA GARCIA, ANTONIO GARCIA, and JERONIMO VARGAS-VERA, individually, and on behalf of a class of others similarly situated<br><br>                                        Plaintiffs,<br><br>       v.<br><br>TYSON FOODS, INC., and TYSON FRESH MEATS, INC.,<br><br>                                        Defendants. | Case No.  06-2198-JWL/DJW |

## AMENDED COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Amended Complaint against Defendants Tyson Foods, Inc., and Tyson Fresh Meats, Inc. (collectively "Tyson" or "Defendants"), hereby state and allege as follows:

1.     Tyson Fresh Meats, Inc. is the world's largest supplier of premium beef and pork, as well as allied products, such as tanned hides used to make leather.

2.     Tyson Fresh Meats has 21 production sites in North America and employs almost 41,000 people.

3.     Tyson operates beef slaughter and processing plants in Holcomb, Kansas ("Holcomb facility" or "Finney County facility") and Emporia, Kansas ("Emporia facility").

4.     The Holcomb and Emporia facilities were previously owned and operated by Iowa Beef Processors, Inc. ("IBP"), and the wage and hour policies and practices that IBP employed have been continued by Tyson.

5.      In *IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

6.      The Holcomb facility employs approximately 2,500 hourly workers and processes meat products for consumption.

7.      The Emporia facility employs approximately 2,000 hourly workers and processes meat products for consumption.

8.      The Holcomb and Emporia facilities are, at minimum, substantially similar, and the relevant compensation policies and practices at issue in this case, such as "gang time" pay, are identical at both facilities.

9.      Tyson uniformly denies wages and overtime pay to its employees, by requiring them to perform "off the clock" work.  Tyson's deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA and Kansas state law.

10.     Plaintiffs include approximately 909 current and former Tyson employees who work(ed) at the Holcomb or Emporia facilities.

11.     Plaintiffs perform multiple tasks, but are all subject to the same illegal policy and practice of failing to pay workers for all time worked and failing to pay overtime wages.

12.     This lawsuit is brought as a collective action under the FLSA and as a class action under Kansas state law to recover unpaid wages owed to individual Plaintiffs and all other similarly situated employees who work or worked at Tyson's Holcomb and Emporia facilities.

## JURISDICTION AND VENUE

13.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14.    This Court has jurisdiction over Plaintiffs' claims for breach of contract, *quantum meruit* and violations of the Kansas Wage Payment Act, K.S.A. § 44-312, *et. seq.*, pursuant to: (1) 28 U.S.C. §§ 1332 and 1367 because the Plaintiffs are residents of a different state than the Defendants and the amount in controversy exceeds $5 million; and (2) 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

15.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Tyson does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

16.    Defendant, Tyson Foods, Inc. is a Delaware corporation, with its principal place of business in Arkansas.

17.    Defendant, Tyson Fresh Meats, Inc. is a Delaware corporation, with its principal place of business in South Dakota.

18.    Plaintiffs are all current and former employees of Tyson's Holcomb and Emporia facilities.  Plaintiffs have previously filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).

## GENERAL ALLEGATIONS

19.    When Plaintiffs arrive at the Holcomb and Emporia facilities to begin their shifts, they swipe an identification card at a designated location.

20.    When Plaintiffs leave at the end of their shift, they again swipe their identification card at a designated location.

21.    These identification card swipes are not used for the purposes of recording and paying for time worked.

22.    Throughout their shifts, Plaintiffs perform work for which they are not paid.

23.    The time that Plaintiffs are paid for is significantly less than the time they spend at work between the time the swipe in and the time they swipe out.  The work duties for which Plaintiffs are not paid include, but are not limited to: (1) changing into and out of the protective required work uniforms and protective safety equipment that can include, among other things (depending on the task): work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protection; and (2) walking to and from the changing area, work areas and break areas.

24.    The work activities for which Plaintiffs are not paid are integral and indispensable to their principal job duties and/or are themselves principal duties, and also fall within the "continuous workday."

25.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

26.    The protective work uniforms and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning and doffing, is required by Tyson and/or by government regulation.  Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms and protective safety equipment.  Plaintiffs must don and doff the protective gear on Tyson's premises.

27.    These donning, doffing, cleaning and walking duties that occur during the continuous workday all add up to a significant amount of time every day for which Plaintiffs are not paid.

## COLLECTIVE AND CLASS ALLEGATIONS

28.    Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).  In addition to the claims of individually named Plaintiffs, Plaintiffs Adelina Garcia, Antonio  Garcia, and Jeronimo Vargas-Vera ("Class Representatives") bring Counts II, III, and IV, the breach of contract, *quantum meruit*, and Kansas Wage Payment Act claims, as a class action pursuant to Fed.R.Civ.P.  23, on behalf of themselves and as representatives of the following class:

> All current and former hourly employees of Defendants who worked at the Holcomb or Emporia facilities in the last five years and who were not paid for all the time they performed work-related tasks as a result of Tyson's "gang time," "four minute," and other policies that do not compensate workers for all of their time spent working during the continuous workday.

29.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).  The state law claims, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the class.

30.    Plaintiffs, individually and on behalf of other similarly-situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.  The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

31.    Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

32.    The class satisfies the numerosity standards.  The class is believed to number in the thousands. As a result, joinder of all class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail.

SSHW-0539-69511                                              5

33.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

1.     Whether Plaintiffs are compensated for time spent donning and doffing clothing and protective gear and walking to and from their job posts;

2.     Whether "gang time" plus four minutes of pay satisfies the FLSA;

3.     Whether the donning and doffing of certain protective gear constitutes and integral and indispensable activity;

4.     Whether the donning and doffing of certain protective gear begins the continuous workday;

5.     Whether Tyson failed to keep accurate records of the actual time workers spent performing compensable activities;

6.     Whether Tyson's pay policies and practices compensate workers for all of the time they spend working during the continuous workday;

7.     Whether Defendants' compensation policy and practice accounts for the time Plaintiffs are actually working; and

8.     Whether Defendants' compensation policy and practice is illegal.

34.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

35.     The Class Representatives' claims are typical of those of the Class in that Class members have been employed in the same or similar positions as the Class Representatives and were subject to the same or similar unlawful practices as the Class Representatives.

36.     A class action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for

SSHW-0539-69511                                    6

Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

37.    The Class Representatives are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent.  The interests of the members of the class will be fairly and adequately protected by the Class Representatives and their undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action lawsuits.

38.    Maintenance of this action as a class action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendants By All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)

39.    Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

40.    At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

41.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

42.    Tyson was, and is, subject to the recordkeeping and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

43.    Tyson violated the FLSA by failing to pay its workers for all of their time worked, including overtime.    In the course of perpetrating these unlawful practices, Tyson has also willfully failed to keep accurate records of all hours worked by employees.

44.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.    None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

45.    The individually-named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice.    This uniform policy and practice, in violation of the FLSA, has been applied to all Plaintiffs.

46.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Tyson acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

47.    Tyson has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).    Alternatively, should the Court find Tyson did not act willfully in failing to pay overtime wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Tyson from Plaintiffs for which Tyson is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and costs of this action.

## COUNT II

### Breach of Contract

### (Brought Against Defendants By All Individually-Named Plaintiffs and by Class Representatives on Behalf of the Class)

49.     Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

50.     Plaintiffs and Defendants entered into employment agreements whereby it is implicit in every contract that Plaintiffs agreed to perform services for Defendants to be compensated for at an hourly rate.

51.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.  Plaintiffs have performed all conditions precedent, if any, required of Plaintiffs under the employment agreement.

52.     Tyson failed and refused to perform its obligations in accordance with the terms and conditions, including implied terms and conditions, of the agreement by failing to pay Plaintiffs for all time worked on behalf of Tyson.

53.     Plaintiffs were thereby damaged in an amount to be determined at trial.

## COUNT III

### *Quantum Meruit*

**(Brought Against Defendants By All Individually-Named Plaintiffs and by Class Representatives on Behalf of the Class)**

54. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

55. Plaintiffs conferred a benefit upon Defendants by working on their behalf without compensation.

56. Tyson had an appreciation or knowledge of the benefit conferred by Plaintiffs.

57. Tyson accepted and retained the benefit under such circumstances as to make it inequitable for Tyson to retain the benefit without payment of its value.

## COUNT IV

### Violation of the Kansas Wage Payment Act

**(Brought Against Defendants By All Individually-Named Plaintiffs and by Class Representatives on Behalf of the Class)**

58. Plaintiffs reassert and re-allege the allegations set forth in the above paragraphs.

59. Tyson violated the Kansas Wage Payment Act, K.S.A. § 44-312, *et. seq.*, in relevant part, by failing to pay all wages due to Plaintiffs.

60. Plaintiffs were thereby damaged in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury.

### DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place for trial.

Dated:    April 30, 2007

Respectfully Submitted,

**STUEVE SIEGEL HANSON WOODY LLP**

_____/s/ George A. Hanson_____
George A. Hanson          KS Bar #16805
hanson@sshwlaw.com
Eric L. Dirks             KS Bar #77996
dirks@sshwlaw.com
330 West 47th Street, Suite 250
Kansas City, Missouri 64112
PH:    816-714-7100
FAX:   816-714-7101

**OUTTEN & GOLDEN LLP**
Adam T. Klein (admitted pro hac vice)
Email: ATK@outtengolden.com
Justin M. Swartz (admited pro hac vice)
Email: JSM@outtengolden.com
Linda A. Neilan (admitted pro hac vice)
Email: LAN@outtengolden.com
3 Park Avenue, 29th Floor
New York, New York 10016
PH:    212-245-1000
FAX:   212-977-4005

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, I electronically filed the foregoing with the clerk of court using the CM/ECF system which will send a notice of the electronic filing to the following:

Robert W. McKinley
Brian N. Woolley
Michael A. Williams
Lathrop & Gage, LC
2345 Grand Boulevard, Suite 2800
Kansas City, MO 64108
816-292-2000
Fax: 816-292-2001
Email: rmckinley@lathropgage.com
Email: bwoolley@lathropgage.com
Email: mwilliams@lathropgage.com

Joel M. Cohn
Michael J. Mueller
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20016
202-887-4113
Fax: 202-955-7787
Email: mmueller@akingump.com
Email: jcohn@akingump.com
ATTORNEY FOR DEFENDANTS

_____/s/ George A. Hanson_____
An Attorney for Plaintiffs

SSHW-0539-69511                    12